J-A26012-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
LARRY NIBBLINS :
:
Appellant : No. 2570 EDA 2019

Appeal from the Judgment of Sentence Entered August 23, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008692-2012

BEFORE:   BENDER, P.J.E., LAZARUS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:              **FILED JANUARY 26, 2021**

Appellant, Larry Nibblins, appeals from the judgment of sentence of 2½ to 5 years' imprisonment, imposed after the trial court revoked his probation for his conviction of possessing an instrument of crime (PIC).  Appellant challenges the legality and discretionary aspects of his sentence.  We affirm.

On January 21, 2014, Appellant was convicted, following a non-jury trial, of aggravated assault, PIC, simple assault, and criminal mischief. Appellant's convictions were based on evidence that he entered the home of Andre Coles and struck Coles in the head with a brick.  Coles required eight staples in his head as a result of the attack.  On March 12, 2014, Appellant was sentenced to 1½ to 5 years' incarceration for his aggravated assault offense, followed by 5 years' probation for PIC.  Additionally, "[m]andatory

_____

[*] Former Justice specially assigned to the Superior Court.

supervision under the Mental Health Unit was ordered as part of Appellant's conditions of probation. He was committed to SCI Graterford on March 21, 2014[,] and was subsequently paroled nearly a year later on March 4, 2015." Trial Court Opinion (TCO), 5/12/20, at 1. However, he violated his parole and was recommitted until December of 2018. *See* Appellant's Brief at 8.

Upon Appellant's release from prison, he began serving his probationary sentence for his PIC offense. However, Appellant repeatedly failed to report to his probation officer, and "a probation violation bench warrant was filed on March 11, 2019." TCO at 2.

> At a violation of probation hearing on July 3, 2019, [Appellant's] supervision was revoked. After the completion of a Presentence Investigation Report, including a full mental health evaluation, as well as a thorough review of the guidelines and facts and circumstances of the underlying case, Appellant was sentenced on August 23, 2019[,] to … [2½ to 5] years' incarceration on the original charge of … [PIC]. Original probation conditions were applied, including supervision under the Mental Health Unit.

*Id.*

Appellant filed a timely, post-sentence motion for reconsideration of his sentence, which the court denied. He then filed a timely notice of appeal on September 3, 2019. On October 18, 2019, the trial court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal within 21 days. Appellant untimely filed his concise statement on November 19, 2019. Notably, however, the court's order did not advise Appellant that his failure to comply with the order could result in his issues being deemed waived. *See Greater Erie Indus. Development Corp. v. Presque Isle*

- 2 -

*Downs, Inc.*, 88 A.3d 222, 225 (Pa. Super. 2014) (*en banc*) ("[I]n determining whether an appellant has waived his issues on appeal based on non-compliance with Pa.R.A.P. 1925, it is the trial court's order that triggers an appellant's obligation[.] ... [T]herefore, we look first to the language of that order.") (citations omitted). Additionally, the court addressed Appellant's issues in its Rule 1925(a) opinion filed on May 12, 2020. Under these circumstances, we will review the merits of Appellant's sentencing issues. *See Commonwealth v. Burton*, 973 A.2d 428, 433 (Pa. Super. 2009) (holding that where an appellant files an untimely Rule 1925(b) statement, "this Court may decide the appeal on the merits if the trial court had adequate opportunity to prepare an opinion addressing the issues being raised on appeal").

Appellant raises the following three claims for our review, which we have reordered for ease of disposition:

[I.] Whether the imposition of a sentence of [2½] to 5 years in state custody after Appellant completed state parole for Appellant's very first violation was unreasonable and excessive?

[II.] Whether the [c]ourt abused its discretion in imposing a sentence of [2½] to 5 years in state custody after Appellant completed state parole for Appellant's very first violation?

[III.] Whether the imposition of a sentence of [2½] to 5 years in state custody after Appellant completed state parole for Appellant's very first violation was cruel and unusual [punishment]?

Appellant's Brief at 7.

Appellant's first two issues implicate the discretionary aspects of his sentence.

Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. ***Commonwealth v. Sierra***, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> We conduct a four-part analysis to determine: (1) whether [the] appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether [the] appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

> ***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa. Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. ***Commonwealth v. Mann***, 820 A.2d 788, 794 (Pa. Super. 2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003).

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. ***Commonwealth v. Paul***, 925 A.2d 825, 828 (Pa. Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Sierra, supra*** at 912–13.

***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013) (quoting

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010)).

Here, as set forth *supra*, Appellant has timely appealed. In his post-sentence motion, he averred that his sentence of incarceration should be amended to a sentence of mental health treatment because he is "[s]ignificantly mentally ill[,]" he is a veteran who was honorably discharged,

- 4 -

and "it would best serve [Appellant] and society as a whole for [him] to receive psychiatric treatment as opposed to state incarceration." Post-Sentence Motion, 8/26/19, at 2 (unnumbered). Notably, Appellant has not included a Rule 2119(f) statement in his brief. However, the Commonwealth has not objected to that omission and, therefore, we will overlook it and decide if Appellant has presented a substantial question for our review. *See Commonwealth v. Kiesel*, 854 A.2d 530, 533 (Pa. Super. 2004) ("[W]hen the appellant has not included a Rule 2119(f) statement and the appellee has not objected, this Court may ignore the omission and determine if there is a substantial question that the sentence imposed was not appropriate, or enforce the requirements of [Rule] 2119(f) *sua sponte, i.e.*, deny allowance of appeal.").

In his first two issues, Appellant contends that his sentence of 2½ to 5 years' incarceration is excessive when considering the factors set forth in 42 Pa.C.S. § 9721(b), specifically, "the gravity of [Appellant's] technical violation, the need for public protection, or his needs for rehabilitation." Appellant's Brief at 19. Appellant stresses that he is a diagnosed schizophrenic, and that his probation officer recommended he be "parole[d] to an appropriate treatment facility...." *Id.* at 24. He argues that, given his mental illness, his probation officer's recommendation, and the fact that he committed only technical violations of his probation, "his rehabilitative needs would be better served in the community in a mental health treatment facility...." *Id.* at 23.

Appellant further argues that a sentence of incarceration was not justified under 42 Pa.C.S. § 9771(c), which states:

> **(c) Limitation on sentence of total confinement.--**The court shall not impose a sentence of total confinement upon revocation unless it finds that:
>
>> (1) the defendant has been convicted of another crime; or
>>
>> (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
>>
>> (3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S. § 9771(c). According to Appellant, incarceration in this case was not warranted, because he was not convicted of another crime, and

> [t]here was no evidence to suggest that [he] was likely to commit another crime if not imprisoned. Since this was only a technical violation, a state sentence of incarceration was not essential to vindicate the authority of the court. Rather, Appellant's mental illness and history of schizophrenia warrants a sentencing option of less than incarceration, which is reflected in [his probation o]fficer['s] … recommendation for immediate parole to an appropriate treatment facility.

Appellant's Brief at 17-18.

We conclude that Appellant has presented a plausible argument that his sentence violates provisions of the Sentencing Code, namely sections 9721(b) and 9771(c). *See **Commonwealth v. Derry***, 150 A.3d 987, 995 (Pa. Super. 2016) (holding that a claim that the violation-of-probation court failed to consider the section 9721(b) factors presents a substantial question for our review); ***Commonwealth v. Crump***, 995 A.2d 1280, 1282 (Pa. Super. 2010) ("A substantial question is raised when the appellant sets forth a plausible

argument that the sentence violates a provision of the [S]entencing [C]ode or is contrary to the fundamental norms of the sentencing process.") (citation omitted).

Nevertheless, Appellant is not entitled to sentencing relief. We are mindful that,

> [s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Shugars***, 895 A.2d 1270, 1275 (Pa. Super. 2006).

Here, in explaining its sentencing rationale, the trial court stated:

> In the instant matter, Appellant was found guilty of [a]ggravated [a]ssault, [PIC], [s]imple [a]ssault, and [c]riminal [m]ischief. On March 12, 2014, he was sentenced to one and a half (1½) to five (5) years['] state incarceration for [a]ggravated [a]ssault, followed by five (5) years reporting probation for PIC ([s]imple [a]ssault merged, and no further penalty was imposed for [c]riminal [m]ischief). Mandatory supervision under the Mental Health Unit was ordered as part of Appellant's conditions of probation. Appellant served his time in prison and was released from [SCI] Phoenix on December 25, 2018. On December 28, 2018, [Appellant's] [p]robation [o]fficer[,] Crystal Erb[,] spoke with Mr. Maxwell from the Veteran's Reentry Program. Officer Erb subsequently spoke with Chris Yarborough, [with] who[m] Appellant stated he would be residing…. Mr. Yarborough informed Officer Erb that Appellant did not believe he had a probation period to follow his incarceration. (N.T.[,] 7/3/2019, [at] 5). In January of 2019, Officer Erb continued to contact representatives from the Veterans Association ("VA"), Mr. Maxwell and Mr. Hazel, who had regularly been attempting to get in touch with Appellant to provide him with services. Appellant

failed to appear for both probation appointments and VA appointments.

Not only had Appellant absconded, but also, he was not enrolled in mental health therapy or taking prescribed medications and was thus in violation of the probation condition that he be supervised by the Mental Health Unit. Wanted cards were issued for Appellant on March 11, 2019. A violation of probation ("VOP") hearing was conducted on July 3, 2019. At that time, Appellant relayed that he had been residing with his friend, Mr. Yarborough, and that he [had] not [been] taking medications from his release date until June, when he started taking Prinivil, Maraviroc, and Zoloft[,] as prescribed by a nurse practitioner at the Veteran's Medical Center. (*Id.* at 11-12). At the conclusion of the hearing, Appellant's probation was revoked.

Appellant now complains that the trial court erred by imposing a sentence of total confinement after revoking probation based on technical violations. Although the offenses that triggered Appellant's probation revocation, namely his failure to appear for appointments and enroll with the Mental Health Unit, were not assaultive or independently criminal, "technical violations are sufficient to trigger the revocation of probation." *Commonwealth v. Sierra*, … 752 A.2d 910, 912 [(Pa. Super. 2000) (citation omitted).]

In Appellant's 1925(b) [s]tatement, he claims that the sentenc[e] of [2½ to 5] years' incarceration after a revocation of probation is "unreasonable and excessive" as well as "cruel and unusual," and that the sentencing court abused its discretion. Upon sentencing following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence. *Commonwealth v. Coolbaugh*, 770 A.2d 788, 792 (Pa. Super. 2001).

\*\*\*

Following revocation, a sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence of total confinement, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime as well as character of the offender. … *Crump*, 995 A.2d [at] 1283…. In *Commonwealth v. Fowler*,[893 A.2d 758, 767 (Pa. Super.

2006)], the Superior Court noted[:] "When a sentencing court has reviewed a presentence investigation report, we presume that the court properly considered and weighed all relevant factors in fashioning the defendant's sentence."

Here, the record reflects that the [c]ourt did not err or abuse its discretion when resentencing Appellant. The [c]ourt succinctly stated the reasons for the imposed sentence and incorporated all relevant sentencing factors after conducting a full evidentiary hearing. The evidence introduced at the hearing abundantly supported this [c]ourt's findings that Appellant had repeatedly violated the terms of this [c]ourt's probation and the cited reasons amply justified the Order of Sentence imposed. The [c]ourt first took note of Appellant's lengthy criminal history, which includes nineteen (19) arrests, ten (10) convictions, six (6) commitments, [and] six (6) violations corresponding to three (3) revocations of previous orders of probation and/or parole.

Furthermore, the record reflects that the [c]ourt reviewed and incorporated Appellant's presentence investigation report and mental health assessment. (N.T.[,] 8/23/19, [at] 13). The gravity of the underlying offense was considered -- Appellant had bashed a man's head with a brick and threatened to kill the man and his grandmother.[1] [Appellant's] penchant for violence was not only demonstrated by the underlying offense, but also by his record while he was incarcerated. His prison record reflected assaultive conduct, threatening employees, abusive and inappropriate behavior, and at least three (3) major violations. Appellant indicated that he began smoking marijuana and drinking alcohol during his teenage years but denied taking any other illegal substances, although he tested positive for cocaine. (*Id.* at 15-16). Although Appellant claims he had no knowledge of his probationary period, he was reminded that he had signed forms informing him of his probation.

Because of the foregoing reasons, the argument for the imposition of another period of probation lacked prudence. Appellant flagrantly disregarded this [c]ourt's authority and ignored the

---

[1] In arguing that the gravity of his offense did not warrant the sentence the court imposed, Appellant focuses on his technical violations of probation, rather than the PIC offense for which he was being sentenced. We agree with the trial court's consideration of the PIC crime in assessing the gravity of Appellant's offense under section 9721(b).

rehabilitative conditions and purposes of probation that were imposed when this [c]ourt entered the original merciful sentence. This [c]ourt's original Order had reflected a sentence at the very bottom range of the recommended sentencing guidelines at issue. Appellant repeatedly and blatantly ignored the authority of the Criminal Justice System and the evidence unmistakably demonstrated that he was not amenable to probation. Confinement was deemed necessary because Appellant's actions combined with his lack of respect for authority demonstrates that he constitutes a threat to the safety of the Philadelphia community, as there is a high risk of recidivism. Parole and probation were ineffective in rehabilitating Appellant, therefore further incarceration of this degree was appropriate, and was not an abuse of discretion. Appellant's arguments lack merit because the imposed sentence constituted a reasonable exercise of judicial discretion.

TCO at 5-9.

Our review of the record and the court's opinion demonstrates that it considered the section 9721(b) factors, and found that the gravity of Appellant's underlying offense, the protection of the public, and Appellant's failure to take advantage of the rehabilitation opportunities that had been previously provided to him weighed in favor of a sentence of incarceration. The court further concluded that such a sentence was necessary under section 9771(c)(2) and (3) to vindicate its authority, and because Appellant's recidivism risk was high, considering his lengthy prior record, misconduct in prison, and his inability to adhere to the conditions of his parole and probation. Given this record, we discern no abuse of discretion in the court's sentencing decision.

We also disagree with Appellant that his sentence violates the Eighth Amendment's prohibition against cruel and unusual punishment.[2]  In support of this claim, Appellant states only that, "[g]iven [his] mental illness[,] within the context of a technical violation where [his probation o]fficer … recommended placement at [a] mental health facility, a state sentence of incarceration was clearly cruel and unusual [punishment,] warranting that it be vacated and [his case] remanded for resentencing."  Appellant's Brief at 21-22.  Appellant cites no legal authority to support his position.  Moreover, as the Commonwealth observes, he "does not proffer any evidence as to why a period of incarceration constitutes cruel and unusual punishment.  Nor does he demonstrate why he would have fared better with an alternative sentence."  Commonwealth's Brief at 12.  The Commonwealth further stresses that "the court was aware of [Appellant's] mental health needs and addressed those needs in rendering his sentence.  The court ordered that [Appellant] receive mental health treatment while incarcerated and upon release.  There is no evidence here indicating that the medical services and treatment available through the state correctional institution would be inadequate for [Appellant's] condition."  *Id.* (citation omitted).

_____

[2] While not raised in his post-sentence motion, Appellant's claim implicates the legality of his sentence and, therefore, it is non-waivable.  **See Commonwealth v. Brown**, 71 A.3d 1009, 1016 (Pa. Super. 2013) ("[A] claim that a sentence constitutes cruel and unusual punishment raises a question of the legality of the sentence, and … can be raised for the first time on direct appeal.").

We agree that Appellant's scant argument fails to demonstrate that his sentence of incarceration constitutes cruel and unusual punishment simply because he believes his mental health issues would be better served with treatment outside of prison. *See Commonwealth v. Lankford*, 164 A.3d 1250, 1254 (Pa. Super. 2017) (noting that this Court has previously "held that a sentence is not cruel and unusual punishment simply because a lesser sentence, e.g. [a] proposed alternative probationary scheme, might better accommodate a defendant's mental health needs"). Appellant was afforded an opportunity to receive treatment while serving probation, and he failed to do so. Accordingly, his third and final challenge to his sentence is meritless.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/26/2021